## Gartsee *v.* Citizens Insurance Company, Appellant.

*Insurance—Fire insurance—Title to property.*

Where the owner of a building conveys it to another, and at the same time assigns a fire insurance policy to the grantee with the consent of the insurance company, the latter cannot after a fire allege as a defense to a suit on the policy, that the owner had, prior to the date of the policy, granted an equitable estate in the building to another, where the evidence is insufficient to defeat the grantee's title to the land.

*Insurance—Fire insurance—Proofs of loss—Total loss.*

Formal proofs of loss are not necessary in the case of a total loss of a building insured, where the insurance company has been promptly notified of the loss and has inspected the premises.

Argued March 7, 1906. Appeal, No. 15, March T., 1906, by defendant, from judgment of C. P. Clinton Co., May T.,

1904, No. 118, on verdict for plaintiff in case of John Gartsee, now to use of Emma Cook, v. The Citizens Insurance Company of Missouri. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON, HENDERSON and HEAD, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before MAYER, P. J. The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $691. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*C. S. McCormick,* for appellant, cited on the subject of title : Siter, James & Co.'s App., 26 Pa. 180 ; Zerby v. Zerby, 9 Watts, 234; Bradley v. O'Donnell, 32 Pa. 279 ; Zeigler's App., 69 Pa. 471; Thompson v. Carpenter, 4 Pa. 132; Woodward v. Tudor, 81* Pa. 382; Washabough v. Stauffer, 81* Pa. 497 ; Millville Mut. Fire Ins. Co. v. Wilgus, 88 Pa. 107; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460.

Cited as to proofs of loss : Dwelling House Ins. Co. v. Dowdall, 42 Northeastern Repr. 606; Trask v. Ins. Co., 29 Pa. 198 ; Welsh v. London Assurance Corporation, 151 Pa. 607 ; Western, etc., Pipe Lines v. Ins. Co., 145 Pa. 346.

*George A. Brown,* of *Brown & Stevenson,* for appellee, cited : Powell v. Ins. Co., 2 Pa. Superior Ct. 15 ; Carnes v. Ins. Co., 20 Pa. Superior Ct. 634 ; Caldwell v Fire Assn., 177 Pa. 492; Wachter v. Assurance Co., 132 Pa. 428 ; Highlands v. Fire Ins. Co., 177 Pa. 566 ; Kalmutz v. Ins. Co., 186 Pa. 571 ; Light v. Ins. Co., 169· Pa. 310 ; Davidson v. Assurance Co., 176 Pa. 525 ; Fire Ins. Co. v. Dougherty, 102 Pa. 568; Roe v. Dwelling House Ins. Co., 149 Pa. 94; Earley v. Fire Ins. Co., 178 Pa. 631 ; McCormick v. Ins. Co., 163 Pa. 184 ; Moyer v. Sun Ins. Office, 176 Pa. 579.

OPINION BY HENDERSON, J., April 23, 1906 :

The appellant excepts to the action of the court in giving binding instructions for the plaintiff on two grounds : (1) Because the use plaintiff did not have such a title to the property

as entitled her to recover; (2) because proof of loss was not made as required by the terms of the policy. Gartsee was the owner of the property at the time the insurance was taken out and on April 3, 1903, he conveyed it by deed to Emma Cook, to whom the policy of insurance was also assigned with notice to, and the approval of, the defendant company. A legal title was thus shown which imports an insurable interest and the plaintiff was entitled to recover in the absence of a valid defense. It is alleged, however, that an equitable estate in the same land was granted by Gartsee to one Nancy Wykoff on April 18, 1902, but this was not shown by evidence competent to affect the title of Emma Cook. The notice to the company of an equitable interest in Mrs. Wykoff was not in the line of the Cook title and could not alone prevent a recovery; nor is the evidence of Mr. McCormick, who seems to have been the attorney for John Gartsee, sufficient, without more, to establish a trust in Emma Cook in favor of Mrs. Wykoff. No such outstanding interest is exhibited as would defeat the legal title of the plaintiff or show that any other person than she is in a situation to recover the amount due on the policy. The contract of insurance was fairly made with Gartsee and when he transferred his right thereunder to Emma Cook along with the title to the land the defendant company gave its written consent to the transaction and thereby continued the life of the policy. This it clearly had a right to do and having thus renewed its obligation it cannot be released therefrom without competent and sufficient evidence that the title is held otherwise than appears from the conveyance to the use plaintiff. No other person is claiming the fund and no legal reason is presented the effect of which would be to defeat the plaintiff's claim because she is not the unconditional and sole owner of the property.

The property insured was a single building which was totally destroyed. The evidence shows clearly that it was worth more than the amount named in the policy. Immediate notice of the loss was given to the company and its adjuster came to the premises and examined the existing conditions: Pennsylvania Fire Ins. Co. v. Dougherty, 102 Pa. 568; Roe v. Insurance Co., 149 Pa. 94; Powell v. Insurance Co., 2 Pa. Superior Ct. 151, are authorities sustaining the ruling of the learned trial judge

that formal proofs of loss are not necessary in the case of the total loss of a building insured where the insurance company has been promptly notified of the loss and has inspected the premises. No allegation of fraud was made by the insuring company and on no principle of justice should the insured be deprived of the protection of its contract because she did not perform the vain act of making proof of that of which the company already had knowledge and confirmation of which had been received through the presence of its adjuster on the ground. None of the material facts were controverted and the court was not in error in instructing the jury to find a verdict for the plaintiff. It was well said in Wachter v. Assurance Co., 132 Pa. 428, that: "When the facts are admitted or established beyond all controversy as they are in this case there is no necessity for submission to the jury. It then becomes the province of the court to declare the law applicable to such facts." The plaintiff made out a case which entitled her to a verdict.

The judgment is therefore affirmed.