## McGinnis v. St. Paul Fire & Marine Insurance Company, Appellant.

*Insurance—Fire insurance—Proofs of loss—Total loss—Change of possession—Occupancy.*

1. Formal proofs of loss are not necessary in the case of a total loss of a building insured where the insurance company has been promptly notified of the loss and has inspected the premises.

2. Where a policy of fire insurance provides that the policy shall be void if any change takes place in interest, title or possession, except change of occupants without increase of hazard, a leasing of the insured premises by the legal owner, with the consent of the insured, the equitable owner, and placing the lessee in actual possession of the premises, without any increase of hazard, does not avoid the policy. In such a case the word "possession" means legal possession or possessory right.

3. Where the terms of the policy of insurance are susceptible without violence, of two interpretations, that construction which is most favorable to the insured, in order to indemnify him against loss sustained, should be adopted.

*Appeals—Exceptions—Refusal of judgment non obstante veredicto—Practice, C. P.*

4. Parties asking for a judgment non obstante veredicto and failing to secure it, must ask for and obtain an exception. The court is not required to grant an exception and place it in the record, unless it is asked for by the losing party. If such an exception has not been obtained, an appeal from the order may be quashed.

Argued Oct. 28, 1908. Appeal, No. 121, Oct. T., 1908, by defendant, from judgment of C. P. Potter Co., Sept. T., 1906, No. 108, on verdict for plaintiff in case of Bryan McGinnis v. St. Paul Fire & Marine Insurance Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a policy of fire insurance.

The facts are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $655.30.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. K. Jennings,* with him *D. C. Jennings* and *J. Walter Wells,* for appellant.—The contract was avoided by the lease and change of possession: Freedman v. Ins. Co., 175 Pa. 350; Planters' Mut. Ins. Assn. v. Dewberry, 69 Ark. 295 (62 S. W. Repr. 1047); Wenzel v. Ins. Co., 67 Cal. 438 (7 Pac. Repr. 817); Jaskulski v. Citizens' Mut. Fire Ins. Co., 131 Mich. 603 (92 N. W. Repr. 98); New Kensington Lumber Co. v. Ins. Co., 35 Pa. Superior Ct. 32; Beatty v. Ins. Co., 66 Pa. 9; Lycoming County Mut. Ins. Co. v. Schollenberger, 44 Pa. 259; Universal Mut. Fire Ins. Co. v. Weiss, 106 Pa. 20.

*W. I. Lewis,* with him *W. F. DuBois, Archibald F. Jones* and *R. R. Lewis,* for appellee.—We maintain that the only fair, reasonable and just construction of the word "possession," as used in the clause quoted, limits its use to legal possession or possessory right: Dow v. Ins. Co., 1 N. Y. Super. Ct. 185; Western Ins. Co. v. Cropper, 32 Pa. 351; Humphreys v. Benefit Assn., 139 Pa. 264; Ins. Assn. v. Dewberry, 69 Ark. 295 (62 S. W. Repr. 1047).

The receipt of proofs of loss, after the time limit in the policy, and the retention of them, without objection, is a waiver of the condition: Commercial Union Assurance Co. v. Hocking, 115 Pa. 407; Marthinson v. North British, etc., Ins. Co., 64 Mich. 372 (31 N. W. Repr. 291); Carpenter v. Continental Ins. Co., 61 Mich. 635 (28 N. W. Repr. 749); German Fire Ins. Co. v. Grunert, 112 Ill. 68; Gans v. St. Paul Fire & Marine Ins. Co., 43 Wis. 108; Minneapolis, etc., Ry. Co. v. Home Ins. Co., 64 Minn. 61 (66 N. W. Repr. 132); Mickey v. Burlington Ins. Co., 35 Iowa, 174; Rheims v. Standard Fire Ins. Co., 39 W. Va.

672 (20 S. E. Repr. 670); Palmer v. St. Paul Fire & Marine Ins. Co., 44 Wis. 201.

OPINION BY MORRISON, J., February 26, 1909:

As this case was tried in the court below, there appears to be only a single important question for consideration here, namely, "whether a leasing of the insured premises, by the legal owner, with the consent of the assured, the equitable owner, and placing the lessee in actual possession of the premises, avoids the policy," or, as the counsel for the defendant have stated it in the second question involved, "Is it a question of actual possession or of possessory right?"

The plaintiff was the legal owner of the lot of ground upon which the insured building was erected, and by articles of agreement, dated December 16, 1903, he contracted to sell the premises to one Edward Chilson, for the sum of $650, granting the right of occupancy to Chilson, he agreeing to keep the buildings insured for the benefit of McGinnis and going into the actual occupancy of the premises. A policy of insurance, dated February 15, 1904, was issued by the defendant, in the name of Edward Chilson, covering a certain building situated on said lot "the loss, if any, payable to B. McGinnis as his interest may appear." A fire occurred on February 11, 1906, totally destroying the insured building. The defendant company was promptly notified and its adjuster came and examined the premises. Some time prior to the fire, Chilson was told by Mrs. Chappel, a daughter of the plaintiff, acting for him, that he, Chilson, was not keeping up his payments on the contract; that he must do so or at least he must pay $5.00 per month, and she thought her father would be satisfied with such payments, and that if he could not pay that, it would be better to rent the property and apply it on the contract. Chilson made no definite answer to this proposition and some time thereafter moved out of the house and Mrs. Chappel leased the premises to a Mrs. Hoyt, collected the rent and credited it to Chilson upon the contract of sale. The insured building was occupied by Mrs. Hoyt from that time until it was destroyed by fire on February 11, 1906. The written contract between the plaintiff

and Chilson was never cancelled or abrogated by agreement nor surrendered by Chilson; he retained his copy of the contract and had it in his possession at the time of the trial of this case. After the fire, Chilson refused to make proofs of loss, but such proofs were then made by plaintiff and sent to the defendant company; they were not sent nor received until more than sixty days after the fire, but were received and held by the defendant company, without objection, until the time of the trial.

We do not understand that the defendant's counsel seriously contended at the trial that the plaintiff could not recover, under the facts, because of the character and date of the proofs of loss. The learned counsel contends in this court that the proofs were not sufficient to entitle the plaintiff to recover, but we cannot agree with this contention. The insurance was on a single building and it was totally destroyed. The company had prompt notice of this fact and the adjuster came and examined the loss. These facts, coupled with the proofs of loss furnished by the plaintiff, after sixty days from the fire, and the retention of the proofs by the company without objection, entitles the plaintiff to recover on that ground. In Gartsee v. Citizens' Ins. Co., 30 Pa. Superior Ct. 602, we held as stated in the syllabus: "Formal proofs of loss are not necessary in the case of a total loss of a building insured, where the insurance company has been promptly notified of the loss and has inspected the premises." See authorities cited by Judge HENDERSON, who wrote the opinion in that case.

At the trial, the defendant contended that the uncontradicted evidence showed that there had been a change "in interest, title or possession," which, under the terms of the policy, was sufficient to render it null and void. Chilson and Mrs. Chappel not agreeing as to what took place between them in regard to the property, the court submitted to the jury to find whether there had been a surrender by Chilson of the possessory right in the property and the jury found in favor of the plaintiff's contention that there had not been such a surrender. The clause of the policy which the defendant contends was violated by the change in occupancy or actual possession, as above

stated, is as follows: "This entire policy . . . shall be void . . . if any change, other than by the death of the insured, takes place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured or otherwise."

We understand the learned counsel for the defendant to contend that the word "possession," as here used, refers not alone to the possessory right, but to the actual possession or occupation as well. But this view does not seem to us to be sustained by the use of the word in other parts of the policy. In line seventy-four of the policy, setting forth what the proofs of loss shall contain, the language is, in part, as follows: "Any changes in the title, use, occupation, location, possession, or exposure of said property," etc. In this policy the word possession does not seem to have the same meaning as occupation. In the clause relied upon by the counsel for the defendant, the words "interest, title or possession" are qualified by the phrase "except change of occupants without increase of hazard." In overruling the motion for judgment non obstante veredicto the learned court below said: "This clause shows clearly that the word 'possession' refers to possessory right instead of actual occupancy and that a change of occupancy was permitted where there was no increase of hazard." We do not gather from the record that the defendant contended at the trial that there was any increase of hazard caused by the leasing of the premises to a tenant, but the defense was based solely on the change of the actual possession or occupancy. We are not aware that the precise question here involved has been decided in this state. But there is a decision in Rumsey v. Phœnix Ins. Co., 1 Fed. Repr. 396, by the United States Circuit Court of Appeals for the northern district of New York, opinion by Judge WALLACE, which seems to decide this question. In that case the policy provided that it should be void "if the property be sold or transferred, or any change take place in the title or possession whether by legal process, judicial decree, voluntary transfer or conveyance." The court said in that case: "The fact that Zimmer moved out of the dwelling-house

and let it to tenants, is not a defense within the conditions that avoid the policy 'if any change take place in title or possession.' The change of possession contemplated is something more than a change of occupation; it is a change effected 'by legal process, judicial decree, voluntary transfer or conveyance; one which refers to his possessory right and not to the occupancy of the insured. The possession of Zimmer's tenants was his possession, within the meaning of the policy.''

In our opinion, the proper legal, as well as reasonable, construction of the word "possession," as used in the policy, in the present case, limits it to legal possession or possessory right and that Chilson could and did have such legal possession, although the occupancy of the building was in a tenant placed there by the plaintiff, with the consent of or at least without objection, from Chilson. It cannot be doubted, under the facts in this case, that Chilson had and still has an equitable title to the premises described in his contract, and there is nothing appearing in the record to prevent him from tendering the balance of the purchase money and recovering the actual possession and occupancy of the insured premises in an action of ejectment. This is so because he enjoys a valid possessory right which he never surrendered. The law in Pennsylvania is that if the language used in an insurance policy "be capable of two interpretations, equally reasonable, that must be adopted which is most favorable to the assured, for the language is that of the insurers:'' Western Ins. Co. v. Cropper, 32 Pa. 351.

"Forfeitures are odious in law, and are enforced only where there is the clearest evidence that that was what was meant by the stipulations of the parties. There must be no cast of management or trickery to entrap the party into a forfeiture:'' Helme v. Ins. Co., 61 Pa. 107.

"Where the terms of a policy are susceptible, without violence, of two interpretations, that construction which is most favorable to the insured, in order to indemnify him against loss sustained, should be adopted:'' Humphreys v. National Benefit Assn., 139 Pa. 264.

In the present policy the word occupation seems to be used to indicate actual possession or occupancy, and the word

"possession" as used with the words "interest and title," in the clause in question, seems to mean legal possession or possessory right and in accordance with the doctrine above quoted, these words should be so construed as to indemnify the insured against the loss sustained. We have already seen that the policy permits a "change of occupancy without increase of hazard." It was not contended at the trial, so far as we can see, that there was any increase of hazard caused by the leasing of the premises to a tenant. The question of whether Chilson had surrendered his possessory right to the premises to the plaintiff was submitted by the court to the jury, and that body found that no such surrender had been made.

We do not find that there was any change in the possession, except the physical occupancy of the premises, which is not forbidden by the terms of the policy of insurance. This distinguishes the present case from the New Kensington Lumber Co. v. German Ins. Co., 35 Pa. Superior Ct. 32, upon which the learned counsel for the defendant seems to rely with much confidence. In that case the policy was much like the one in question, but on the same day it was issued the owner of the insured property was adjudicated a bankrupt and this clearly was a change in interest and title which divested the owner of his title and placed the same in the trustee for the benefit of creditors of the bankrupt. That case and the cases therein cited, and distinguished, establishes the right of the present plaintiff to sue and recover in his own name, on the facts in this case.

In the case of Planters' Mut. Ins. Assn. v. Dewberry, 69 Ark. 295, relied on by defendant's counsel, the policy referred to any change in "occupation or possession," and in the opinion of the court is the following: "A change of possession and occupancy was made without the consent of the insurance company and continued till the time the house was consumed by fire." Here there was a positive covenant against any change in occupation or possession whatever. Therefore, that case is not in point.

We have examined the other cases cited by the learned counsel for the defendant and have given his able argument

careful consideration, but we are not convinced that the assignments of error raise any reversible error.

We call attention to the fact that the record fails to show any exception to the charge of the court, to the answers to the points, or to the decree of the court refusing judgment for the defendant non obstante veredicto. The latter decree was entered on May 20, 1908, and on June 6, 1908, judgment was entered on the verdict. On September 3, 1908, an attempt was made to amend the record and have an exception noted as of May 20, 1908, to the decree of that date. In International Savings & Trust Co. v. Printz, 37 Pa. Superior Ct. 134, we held that under the Act of April 22, 1905, P. L. 286, the parties asking for a judgment non obstante veredicto and failing to secure it, must ask for and obtain an exception, otherwise an appeal from the action of the court will be quashed; that the court is not required to grant an exception and place it in the record unless it is asked for by the losing party. This undoubtedly means that the losing party should ask for the exception at the time the decree is filed or with reasonable promptness thereafter. Strictly, we might quash this appeal for want of an exception, but in as much as there is no written or printed motion in the record to quash, the question only being raised by oral argument, and the appellee's counsel having submitted an elaborate printed argument upon the merits, we have concluded to treat the motion, etc., of September 3, 1908, as an exception to the decree of the court on the motion for judgment non obstante veredicto. Under this view we have reviewed the case upon its merits.

The assignments of error are all dismissed and the judgment is affirmed.