## Lapcevic v. Lebanon Mutual Insurance Company, Appellant.

*Insurance—Fire insurance—Proofs of loss—Waiver—Total loss—Stock of merchandise.*

1. Formal proofs of loss are not necessary in the case of the total loss of a building insured, where the insurance company has been promptly notified of the loss and has inspected the premises; but this rule has no application to the total loss of a stock of merchandise.

2. It would be dangerous to establish a rule in the latter case that if the insured gave prompt notice that his entire stock of goods were burned, and the company tried to make a compromise with him which he rejected, that he would then be relieved from filing the proofs of loss required by his policy.

3. A mere rejected offer to compromise an insurance loss is not sufficient evidence of a waiver of the proofs of loss called for in the policy.

4. Where an insured employs an agent to negotiate for the settlement of a fire loss with the insurance companies, and such agent induces the adjusters of the companies to meet with him and the plaintiff, and an effort is made to compromise and settle, and the insured rejects the offer made by the adjusters, and nothing further occurs, the companies will not be deemed to have waived the proofs of loss stipulated for in the policies.

Submitted April 30, 1909. Appeals, Nos. 189, 190 and 191, April T., 1909 by defendants, from judgment of C. P. Westmoreland Co., Aug., T., 1908, Nos. 948, 949 and 951, on verdict for plaintiff in case of Samuel Lapcevic v. Lebanon Mutual Insurance Company, Ohio German Fire Insurance Company and Concordia Fire Insurance Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit on a policy of fire insurance. Before DOTY, P. J. The opinion of the Superior Court states the case.

*Errors assigned* were (1–3) instructions quoted in full in the opinion of the Superior Court.

*W. K. Jennings, D. C. Jennings* and *Gaither & Whitten,* for appellants, cited: Hottner v. Fire Ins. Co., 31 Pa. Superior Ct. 461; Beatty·v. Ins. Co., 66 Pa. 9; Gould v. Ins. Co., 134 Pa. 570; Dunn v. Ins. Co., 34 Pa. Superior Ct. 245.

*G. B. Shaw* and *John C. Silsley,* for appellee, cited: Pa. Fire Ins. Co. v. Dougherty, 102 Pa. 568; Roe v. Dwelling House Ins. Co., 149 Pa. 94; Weiss v. Fire Ins. Co., 148 Pa. 349; Gartsee v. Ins. Co., 30 Pa. Superior Ct. 602; Hower v. Fire Ins. Co., 9 Pa. Superior Ct. 153; McCormick v. Ins. Co., 163 Pa. 184.

OPINION BY MORRISON, J., July 14, 1909:

There were five cases in favor of the same plaintiff tried together in the court below; one against the Globe Underwriters was disposed of by the court giving binding instructions for the defendant; another was against the Guardian Fire Insurance Company, but no appeal was taken, the company having be-

come insolvent. Therefore, we have for consideration the appeals of the three insurance companies named in the caption. This opinion will be filed in No. 189, April Term, 1909, but it is intended to apply to No.'s 190 and 191 of the same term, in which formal orders only will be made.

The policies in the Lebanon Mutual and the Concordia Fire Insurance Companies were for $1,000 each on the stock of merchandise contained in the plaintiff's store. The policy of the Ohio German Fire Insurance Company, the other appellant, covered its proportionate share of the insurance upon the building, merchandise and furniture, but as the loss was claimed to be total, each company, if liable at all, was liable for the full amount of its policy.

Fire occurred on February 5, 1908, by which the plaintiff's property was destroyed. The plaintiff failed to serve his proofs of loss within the stipulated time of sixty days after the fire, but claimed that there was a waiver of the strict terms of the policy by the defendants. The cases were all tried together upon three defenses: (a) That proofs of loss were not filed within sixty days; (b) That the plaintiff was guilty of misrepresenting and false swearing concerning the insurance and the subject thereof, having made contradictory statements in his statement of claim and his proofs of loss; (c) That the property had been damaged by an explosion which preceded the fire.

The court instructed the jury that the proofs had not been filed in time and that their verdict therefore should be for the defendants, unless they found that there had been a waiver on the part of the defendants. The questions as to false statements and the explosion were also left to the jury who found verdicts for the plaintiff for the full amount of the policies.

The first assignment of error is that the court erred in refusing the defendant's first point which point and answer are as follows: "1. Under all the evidence your verdict must be for the defendant. *Answer:* These propositions are refused in every case except the Globe Underwriters Agency and therein we affirm the proposition and direct that you render a verdict for the defendant."

The second assignment complains that the court erred in affirming plaintiff's fourth point, to wit: "The testimony being that the only objection raised by the defendant company to the payment of the entire loss was a claim for reduction from the total loss by reason of damage caused by an explosion and since they resisted payment on this ground alone they cannot now set up as a defense the failure of the plaintiff to file formal proofs of loss within sixty days from the date of the fire. *Answer:* Affirmed.

"The third assignment: The court erred in using the following language in the charge: 'We think, however, that it is a plain question of fact 'for the jury that under those circumstances where there had been a total loss of the property as plaintiff alleges, and as is not denied, where there was an immediate notice, where the adjusters of the company appeared upon the ground and made a personal investigation and where by agreement the adjuster, who represented the company, and the plaintiff and his adjuster met and made an examination of the books and papers, it is for the jury to determine whether there was a waiver on the part of the company.' "

We will briefly consider the second and third assignments first.

In affirming the fourth point the learned court positively instructed the jury that the defendants could not set up as a defense the failure of the plaintiff to file formal proofs of loss within sixty days after the date of the fire. But in the general charge, as raised in the third assignment, the learned court instructed the jury that it is a plain question of fact for the jury under the circumstances where there had been a total loss of the property as plaintiff alleges and is not denied, etc., . . . . it is for the jury to determine whether there was a waiver on the part of the company. Now it is not in the power of mortal man to determine which instruction the jury followed. The defendants have a right to contend that by the affirmance of plaintiff's fourth point (second assignment) the court led the jury to disallow the defendant's defense on account of the failure of the plaintiff to file formal proofs of loss within sixty days from the date of the fire. But there is further error in

the court's charge as raised by the third assignment and that is attaching importance to the fact that the rule is different where there has been a total loss of the insured property in a case like the one under consideration, where the property was largely a stock of merchandise in a store. The learned counsel for the appellee, to sustain this instruction, cites and relies on the following cases: Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568, but in that case the policy embraced a building alone and the Supreme Court said: "As the policy embraced a house alone, which was valued at $700; as the loss was total, and as of that loss the company undoubtedly had full notice, we think under the authority of the Lycoming Fire Ins. Co. v. Schollenberger, 44 Pa. 259, and the Farmers Mut. Ins. Co. v. Moyer, 10 W. N. C. 129, no further notice or proofs of loss were necessary," Roe v. Dwelling House Ins. Co., 149 Pa. 94, but that was insurance of a building that was totally destroyed by fire, Weiss v. American Fire Ins. Co., 148 Pa. 349, but we understand that to be insurance upon a building. Gartsee v. Citizens Ins. Co., 30 Pa. Superior Ct. 602, is another case cited by appellee, but that is a case of insurance upon a building that was totally destroyed by fire of which the company had notice. In short, all of the cases cited, as well as those we have found, holding that where the property insured is totally destroyed, and the company has prompt notice, and sends their adjuster to attempt to make a settlement and no further proofs are required, are cases of insurance of buildings, or a single chattel, and we are not aware that the rule applies to insurance of a stock of merchandise. We believe the decisions make a distinction of the character indicated by us, and there seems to be a reason for this. Where a building, or a single chattel, is insured and totally destroyed by fire, it is easy for the insurance company to procure evidence as to the character and value of the building or chattel, but in the case of a stock of merchandise in a store, it is very different. It would be dangerous to establish a rule in the latter case that if the insured gave prompt notice that his entire stock of goods were burned and the company tried to make a compromise with him, which he rejected, that he would then be relieved from filing the proofs

of loss required by his policy.  Such a rule would open the door wide for fraud and trickery.  Our case of McGinnis v. St. Paul Ins. Co., 38 Pa. Superior Ct. 390, is readily distinguishable from the present one.  We there held that "Formal proofs of loss are not necessary in the case of a total loss of a building insured, where the insurance company has been promptly notified of the loss and has inspected the premises."  Citing Gartsee v. Citizens Ins. Co., 30 Pa. Superior Ct. 602.  We feel compelled to sustain the second and third assignments.

But the more important question in this case is whether there was sufficient evidence to warrant the court in submitting the question of a waiver of the filing of proofs within sixty days to the jury at all.  We are clearly of the opinion that there was nothing in the case to estop the defendants from raising this question.  They set it up in their affidavit of defense and they insisted upon it at the trial.  We have examined with care the evidence upon which the plaintiff contends that the adjusters of the defendants met and investigated the loss and took such action that the plaintiff was relieved from filing the proofs of loss within sixty days, but we do not think the evidence was sufficient to carry that question to the jury.  After the fire, the plaintiff employed one Hall, to try to get a settlement with the insurance companies and plaintiff, Hall and some adjusters met at Pittsburg and made an investigation of the loss, to some extent, and one of the adjusters, at least, offered to pay plaintiff seventy-five per cent of his alleged loss.  But this proposition was flatly refused by the plaintiff and in all of the evidence we fail to find proof of a waiver of a strict compliance with the terms of the policies or sufficient evidence of such waiver to carry that question to the jury. It has been held over and over again that a rejected offer to compromise is not sufficient evidence of a waiver of the proofs of loss called for in the policy.

In Beatty v. Lycoming Mutual Ins. Co., 66 Pa. 9, SHARS-WOOD, J., said: "Now to constitute a waiver there should be shown some official act or declaration of the company during the currency of the time, dispensing with it; something from which the assured might reasonably infer that the underwriters

did not mean to insist upon it. As is remarked by the present Chief Justice in Diehl v. Adams County Ins. Co., 58 Pa. 443, 'This never occurs unless intended or where the act relied on ought in equity to estop the party from denying it.' Mere silence is not enough." Upon this question see also Gould v. Ins. Co., 134 Pa. 570.

In Dunn v. Farmers Fire Ins. Co., 34 Pa. Superior Ct. 245, the facts are much like the present case. There the plaintiff and the adjuster of the insurance company met and endeavored to settle but failed to do so and there was a suit with verdict and judgment in favor of the plaintiff. In that case, like the present one, the learned court instructed the jury that unless they found that the defendant had waived a strict compliance with the requirement of proof of loss, the plaintiff could not recover, but the court submitted that question to the jury and on appeal, we held that the evidence was insufficient and reversed the judgment. We could not affirm the present judgments without reversing that judgment and going in conflict with the decisions of the Supreme Court upon which it was based.

In the present case, where the plaintiff employed an agent to negotiate for a settlement with the companies and that agent induced the adjusters of the companies to meet with him and the plaintiff, and an effort was made to compromise and settle, and the plaintiff rejected the offer made by the adjusters, it is difficult for us to see how all that took place at that meeting, as disclosed by the evidence, or elsewhere, furnished any ground on which the plaintiff could stand and successfully maintain his suits without furnishing the proofs of loss within sixty days, as stipulated in his policies. We think the court ought to have given a binding instruction in favor of the defendants. The first assignment of error is sustained.

Judgment reversed.