## Calhoon, Appellant, *v.* Girard Fire & Marine Insurance Co.

*Insurance—Fire insurance—Proofs of loss—Inventory.*

Where a policy of fire insurance covering personal property in a hotel provides that the insured upon the happening of a fire shall give immediate notice thereof to the company, shall make a complete inventory with cost of each article, and within sixty days file sworn proofs of loss showing the origin of the fire, interest of the insured, encumbrances and other matters, the filing of an inventory with the company will not take the place of the proofs of loss, and if the latter are not filed within the sixty days the insured cannot recover from the company.

Argued April 19, 1916.    Appeal, No. 103, April T., 1916, by plaintiffs, from order of C. P. Allegheny Co., July T., 1913, No. 120, refusing to take off nonsuit in case of Samuel Calhoon and L. G. James, trading as Calhoon & James, v. Girard Fire & Marine Insurance Company of Philadelphia.    Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Assumpsit on a policy of fire insurance covering personal property in a hotel.    Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Franklin A. Ammon,* for appellants.—In numerous cases it has been held that where a proof of loss is defective or unsatisfactory, the insurance company must immediately specify defaults and defects, and its silence, or failure to specify, constitutes a waiver of any further action precedent, especially where the insured makes an

honest and substantial effort to comply with the require-
ments of his policy: Bush v. Hartford Ins. Co., 222 Pa.
419; Wakely v. Sun Ins. Co., 246 Pa. 268; Moyer v.
Sun Ins. Co., 176 Pa. 579; Sutton v. American Fire Ins.
Co., 188 Pa. 380; Yuengling v. Quaker City, Etc., Fire
Ins. Co., 6 Pa. Superior Ct. 614; First Nat. Bank of New
Bethlehem v. Maikranz, 44 Pa. Superior Ct. 225; Thomas
v. Ins. Co., 5 Pa. Superior Ct. 383; Pearce Mfg. Co. v.
Lebanon Mut. Ins. Co., 216 Pa. 265; Cole Bros. v. Man-
chester, Etc., Assurance Co., 188 Pa. 345.

*J. W. Mooney,* with him *Wishart & Dickie* and *R. M.
Edmonds,* for appellee.—There was no compliance with
the requirement for proofs of loss: Cole Bros. v. Man-
chester, Etc., Assurance Co., 188 Pa. 345; Forester
v. Teutonia Fire Ins. Co., 60 Pa. Superior Ct. 151; Frick
v. United Firemen's Ins. Co., 218 Pa. 409.

OPINION BY WILLIAMS, J., July 18, 1916:

The only assignment of error is to the action of the
court below in refusing the motion to set aside the judg-
ment of compulsory nonsuit.

The plaintiffs held a policy of insurance of the defend-
ant company for $1,000 insuring personal property. A
fire occurred April 15, 1912, substantially destroying the
property insured.   The local agent of the insuring com-
pany was notified the same day.   An inventory of the
goods destroyed with prices attached, dated at Lowell-
ville, Ohio, entitled "Itemized Statement of goods burned
April 15, 1912" was furnished to the adjuster June 7,
1912.   The adjuster replied June 11, 1912, that the state-
ment sent could not be accepted as satisfactory.   Noth-
ing further was done by the plaintiffs within the 60 days.

The policy of insurance held by the plaintiffs upon
which suit was brought provided that if a fire occur the
insured should, inter alia, (a) "give immediate notice of
any loss in writing to the company......."   This was
done; the company was notified through its local agent

on the day the fire occurred, viz, April 15, 1912. (b) "make a complete inventory......stating the quantity and cost of each article and the amount claimed thereon." The inventory was made up and although not required by the policy, it was sent to the adjuster at Cleveland, Ohio, on June 7, 1912. (c) "render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property, the cash value of each item thereof and the amount of the loss thereon; all encumbrances thereon, whether valid or not covering any of said property; a copy of all descriptions and schedules in said policies; any change in the title, use, occupation, location or exposure of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire."

It was a condition precedent to recovery that the plaintiffs should comply with the terms of the policy: Cole v. Assurance Co., 188 Pa. 345; see also Gould v. Dwellinghouse Ins. Co., 134 Pa. 570.

The motion for the nonsuit was based upon the failure of the plaintiffs to comply with one of the above recited provisions (c) of the policy to furnish to the company within 60 days of the time when the fire occurred, a statement with the proofs of loss. This statement of the origin of the fire, interest of the insured, etc., was not furnished. Without furnishing this statement the plaintiffs could not recover, unless it had been expressly or impliedly waived by the company. No evidence of any express waiver appears in the record. The plaintiffs contended that the inventory or "itemized statement of goods burned" was in effect a compliance with the terms of the policy.

It is true that if this was the case of a building or a single chattel, notice of the fire and of the total destruction of the property might be sufficient, but as was said

by Morrison, J., in Lapcevic v. Lebanon Mut. Ins. Co., 40 Pa. Superior Ct. 294 (298) : "Where a building, or a single chattel, is insured and totally destroyed by fire, it is easy for the insurance company to procure evidence as to the character and value of the building or chattel, but in the case of a stock of merchandise in a store, it is very different. It would be dangerous to establish a rule in the latter case that if the insured gave prompt notice that his entire stock of goods were burned and the company tried to make a compromise with him, which he rejected, that he would then be relieved from filing the proofs of loss required by his policy. Such a rule would open the door wide for fraud and trickery."

The inventory or list of goods with value sent by the plaintiffs did not take the place of the proofs of loss; and of this there was notice to the plaintiffs.

Upon all the facts and inferences to be drawn therefrom there was not sufficient evidence to sustain a verdict, and the learned court below was clearly right in entering the nonsuit and refusing to take it off.

The assignment of error is overruled and the judgment is affirmed.