From George Ross Eshleman, Lancaster, Pa.

---

## Brooks et al. v. Ohio Farmers Insurance Company.

*Insurance—Fire insurance—Proof of loss—Waiver—Conduct of adjuster.*
The action of a defendant fire insurance company in sending its adjuster to inspect a burned automobile covered by a policy of insurance, and his statement to one of the plaintiffs that everything had been done by the assured that was necessary to protect their claim, and his further statement, after examining the car, that the car was a total loss, of which the defendant company had been given prompt notice, worked a waiver of the necessity for filing formal proofs of loss, although the policy required that such proofs of loss be furnished within sixty days, it being a case of a single chattel and the loss being a total one.

Motions for new trial and for judgment *non obstante veredicto.* C. P. Fayette Co., June T., 1922, No. 254.

*John Duggan, Jr.,* for plaintiffs; *Sturgis, Morrow & Sturgis,* for defendant.

VAN SWEARINGEN, P. J., Nov. 27, 1923. — At the close of the trial on April 16, 1923, the jury returned a verdict for plaintiffs for $2198.10, being the value, with interest, of an automobile owned by plaintiffs, burned while covered by a policy of insurance against fire arising from any cause whatever or lightning, issued by the defendant company March 31, 1921, and to continue for one year from that date. The automobile was totally destroyed, following an explosion on the public highway between Uniontown and Connellsville, about Dec. 27, 1921. Two motions of defendant are before the court, one for a new trial, and the other for judgment for the defendant *non obstante veredicto.*

It was a condition of the policy issued by the defendant company, under which a recovery was sought by plaintiffs, that within sixty days after loss or damage to the property insured, written notice thereof, signed and sworn to, should be given by the assured to the defendant company, or to its authorized agent who issued the policy, complying with the requirements of the policy in that respect, a failure on the part of the assured to render such sworn statement to the defendant company within sixty days of the date of loss to render a claim for damages thereunder null and void. Formal proofs of loss, as required by the policy, were not given by the assured, and for that reason it is urged by defendant's counsel in their brief that a recovery cannot be sustained.

One of the assured, J. A. Brooks, within about thirty days after the loss occurred, wrote a letter to the defendant company at its home office at Le Roy, Ohio, explaining as nearly as he could how and where the accident happened, in reply to which letter the defendant company promised to send, and did send, an adjuster to adjust the loss. After examining the automobile, the adjuster stated to Brooks that the car was a total loss. He also said, in reply to a question from Brooks as to what the assured should do to further protect their interests, that everything had been done that ought to have been done, and that he, the adjuster, would take care of the matter. Brooks asked the adjuster how soon the matter would be adjusted, to which the adjuster replied that it would be only a few days until a check for the loss of the car would be mailed out, but for some reason the check never was sent. Notice of the accident was given also by Brooks orally to the local agents who had written the policy of insurance on the car, at about the same time the notice to the home office was given.

The action of the defendant company in sending its adjuster to inspect the burned car, and his statement to one of the plaintiffs, Brooks, that all had been done that was necessary to have been done by the assured to protect their claim, and the adjuster's statement after examining the car that the car was a total loss, of which the defendant company had been given prompt notice, was a waiver of the necessity for filing formal proofs of loss; and, although if no sufficient allegation of a waiver was contained in the pleadings, as urged in the brief of defendant's counsel, under such circumstances as appear here, no formal proofs of loss were necessary unless demanded by the defendant company. The loss of the car was a total one; it was so declared to be by the adjuster who came and examined it in response to prompt notice of the fire given to the defendant company; it was the case of a single chattel, and it was not material that the plaintiffs furnished no formal proofs of loss, although the policy required that such proofs of loss be furnished within sixty days: Pennsylvania Fire Ins. Co. *v.* Dougherty, 102 Pa. 568; Livingstone *v.* Boston Ins. Co., 255 Pa. 1; McGinnis *v.* St. Paul Fire and Marine Ins. Co., 38 Pa. Superior Ct. 390.

Our view of the present case is not changed by anything contained in the Georgia decision of Northern Assur. Co. *v.* Pate, 114 S. E. Repr. 69, cited by defendant's counsel in their brief, which was decided under the laws of a different jurisdiction; nor in decisions such as that of Lapcevic *v.* Lebanon Mutual Ins. Co., 40 Pa. Superior Ct. 294, where the rule followed here is held to have no application to the total loss of a stock of merchandise or property other than of the nature of a building or a single chattel.

And now, Nov. 27, 1923, the motion for a new trial is overruled and dismissed, and the motion for judgment for the defendant *non obstante veredicto* is refused.          From Luke H. Frasher, Uniontown, Pa.