Rebecca B. Taylor, Appellant, *v.* The Pennsylvania Schuylkill Valley Railroad Company.

174    171<br>d 20 SC 165

*Railroads—Negligence—Fire—Sparks—Evidence.*

In an action against a railroad company to recover damages caused by a fire originating on the right of way of the railroad company, the mere fact that the fire originated on the right of way is not alone proof of negligence; nor does the fact that weeds and grass cut upon the right of way during the previous autumn had been allowed to remain on the right of way during the winter, establish negligence.

Argued Feb. 11, 1896.   Appeal, No. 373, Jan. T., 1895, by plaintiff, from judgment of C. P. Chester Co., Oct. T., 1893, No. 7, on verdict for defendant.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Trespass for damages caused by fire.   Before HEMPHILL, J.

At the trial plaintiff claimed that the loss was occasioned by a fire originating on the right of way of the railroad company and spreading to plaintiff's land, burning grass, vegetation and a large quantity of manure.

The court charged as follows:

As you have already learned this case turns, in the view taken by the counsel and the court, upon a question of law.   This is an action of trespass brought to recover damages for the destruction of grass and manure caused, as alleged, by the negligence of the defendant, the railroad company.   Now, in order to establish the liability of the company, it was necessary for plaintiff to show, not only that the fire was communicated from the engine of the company to the property of the plaintiff, but also

that it was through the negligence of the defendant. And if the defendant's engine had, as it is admitted in this case it had, all the modern improvements and appliances for the arresting of sparks; the protection of the roadbed and adjoining property from danger by fire from the ash pan; and the engine was carefully and properly run, there was no negligence and could be no recovery. [The view we take of the law applicable to this case is that the inception of this fire having been caused by no negligence on the part of the defendant, the mere fact that it started upon and passed over the property of the defendant before reaching that of the plaintiff, does not make the defendant company liable, nor prove any negligence on its part, and the company therefore is not liable to answer in damages to the plaintiff.] [1] We must, therefore, under the view we take of the law, direct you to render a verdict for the defendant.] [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*J. Frank E. Hause,* for appellant.—It is a duty implied in the charter of a railway company to keep its right of way clear of all such substances as are liable to be ignited by sparks or cinders from its engines: 8 Am. & Eng. Ency. of Law, 14; Penna. R. R. v. Hope, 80 Pa. 373; Confer v. R. R.,146 Pa. 31; Richmond R. R. v. Medley, 75 Va. 499; Brighthope R. R. v. Rogers, 76 Va. 443; Indiana R. R. v. Overman, 110 Ind. 538; Del., Lack. & West. R. R. v. Salmon, 39 N. J. 303; Jones v. Michigan Cent. R. R., 59 Mich. 437; Flynn v. San Francisco R. R. Co., 40 Cal. 14; P. & R. R. R. v. Hendrickson, 80 Pa. 182; 2 Wood on Railways, 1353; Henderson v. R. R., 144 Pa. 461; R. R. Co. v. Latshaw, 93 Pa. 449; Pierce on Railroads, 436; R. R. v. Stranahan, 79 Pa. 405.

*John J. Pinkerton,* for appellee.—In the absence of positive proof of how the fire originated, or where it started, negligence cannot be imputed to the railroad company defendant: Henderson v. R. R., 144 Pa. 479; Albert v. Northern Central R. R., 89 Pa. 318.

To enable the plaintiff to recover there must be definite, affirmative evidence of negligence: R. R. v. Yerger, 73 Pa. 121;

Erie Ry. v. Decker, 78 Pa. 293 : Jennings v. P. R. R., 93 Pa. 337.

The burning of grass along the line of a railroad in the ordinary use of the road is not of itself negligence, nor does it establish negligence by inference : Reading & Columbia R. R. v. Latshaw, 93 Pa. 449 ; R. R. v. Hendrickson, 80 Pa. 182 ; Jennings v. P. & R. R. R., 93 Pa. 339 ; P. & R. R. R. v. Schultz, 93 Pa. 341 ; Penna. R. R. v. Hope, 80 Pa. 373.

PER CURIAM, March 2, 1896 :

The errors assigned to the charge of the learned judge of the court below really raise but one question, viz : Does the fact that the fire started on the defendant's right of way show negligence on its part ?   The facts that the engine that passed over the road a short time before the fire was provided with an approved spark arrester, which was in good order at the time, and that there was no negligence in the management of the engine or the train drawn by it, had been conceded on the trial.  The charge of negligence could only rest therefore on the fact that the fire began in the defendant's right of way, or that the right of way had been so neglected and covered over with combustible material as to make it a source of danger to adjoining property.   The learned judge told the jury that the fact that the fire originated on the right of way was not proof of negligence. It does not appear that he was asked to submit the condition of the right of way to the jury, nor was there proof of any accumulation of combustible matter upon it aside from the fact that the weeds and grass cut upon it the previous autumn had remained on the ground during the winter.  This would not have supported a charge of negligence without more, nor would the fact that the fire originated on the right of way.  We see no reason for disturbing this judgment and it is accordingly affirmed.