# Elder Township School District *v.* Pennsylvania Railroad Company, Appellant.

*Railroads—Fire from sparks—Negligence.*

A recovery may be had for loss by fire ignited in combustible rubbish negligently permitted to accumulate on the right of way of a railroad company.

In an action by a school district against a railroad company to recover damages for the burning of a schoolhouse, the evidence tended to show that the schoolhouse was in the neighborhood of defendant's road ; that five minutes after a train of cars propelled by two locomotives had passed, fire was discovered in two places about fifteen feet from the track ; that there was an accumulation of dry grass, leaves and treetops within the right of way along where the fire started ; that the space between the railroad and the schoolhouse was principally woodland on which there were treetops and brush, left when timber was cut ; that the wind was blowing hard towards the schoolhouse, and that the schoolhouse was burning within about an hour from the time the fire started along the track. *Held,* that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

*Practice, C. P.—Variance between statement and evidence—Appeal—Amendment.*

It is too late on appeal to object to a variance between the statement and the evidence where it appears that no objection was made to the evidence by the defendant at the trial, nor was surprise expressed nor a continuance asked for.

Where such a variance appears the trial court may permit an amendment to the statement.

Argued May 3, 1904.   Appeal, No. 140, April T., 1904, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1902, No. 317, on verdict for plaintiff in case of Elder Township School District v. Pennsylvania Railroad Company.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Trespass to recover damages for destruction of a schoolhouse by a fire alleged to have been started by sparks of a locomotive.

The facts are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $720.   Defendant appealed.

*Error assigned* was in not giving binding instructions for defendant.

*H. W. Storey*, for appellant.—Where the evidence makes a different case from that stated in the complaint, plaintiff cannot recover : 2 Rice on Evidence, 676.

A party is not answerable in damages for the reasonable exercise of a right, unless upon proof of negligence, unskillfulness, or malice : P. & R. R. R. Co. v. Yerger, 73 Pa. 121 ; R. R. Co. v. Schultz, 93 Pa. 341 ; R. R. Co. v. Latshaw, 93 Pa. 449 ; Taylor v. R. R. Co., 174 Pa. 171.

*J. F. McKenrick*, for appellee.—Whilst as a general proposition of law the burden was on the plaintiff to show some degree of negligence on part of defendant railroad company, yet it was not required to prove specific acts of negligence, nor to prove by direct testimony that the fire was caused by cinders emitted from any particular engine, nor that the engine was defect-

114 ELDER TWP. DIST. *v.* PENNA. R. R. CO., Appellant.

Statement of Facts—Opinion of the Court. [26 Pa. Superior Ct.

ive or mismanaged, or that the engineer was negligent in handling it: Penna. R. R. Co. v. Stranahan, 79 Pa. 405; Lehigh Valley R. R. Co. v. McKeen, 90 Pa. 122; Henderson v. R. R. Co., 144 Pa. 461.

OPINION BY HENDERSON, J., July 28, 1904:

The plaintiff offered evidence to show that at about one o'clock on April 30, 1901, a long train of cars propelled by two locomotives passed over the defendant's road and within about five minutes thereafter fire was discovered in two places about fifteen feet from the track; that there was an accumulation of dry grass, leaves and hemlock treetops within the right of way along where the fire started and burned; that there was a considerable grade and a curve on the road at that place; that it was a dry windy day, the wind blowing toward the schoolhouse; that the fire starting in the right of way, spread out and burned rapidly and continuously to the schoolhouse. The schoolhouse was burning within about an hour from the time the fire started along the track. The space between the railroad and the schoolhouse was principally woodland on which there were treetops and brush, left when timber was cut. The plaintiff's evidence is uncontradicted and shows clearly that the schoolhouse was burned as the direct result of the fire kindled along the track and is sufficient to justify the inference that it was ignited from sparks from one or both of the locomotives attached to the train referred to by the witnesses. There is some evidence that the space within the right of way was negligently cared for in that a quantity of grass, leaves and brush from fallen trees was allowed to remain there; that this material was set on fire and that the fire immediately communicated with the brush and other combustible material in the adjoining woods. While the burden is on the plaintiff to prove that the fire was negligently communicated by some engine of the company, the fact may be shown by circumstantial evidence. Given the passing train, the accumulated combustible material, the fire breaking out therein within a few minutes after the train had passed and communicating directly with the plaintiff's building, there exists a state of facts from which the jury would be authorized to draw the inference of negligence on the part of the defendant.

That a recovery may be had for loss by fire ignited in combustible rubbish negligently permitted to accumulate on the right of way of a railroad company is clearly established. The subject was considered in a full and convincing opinion by the president of this court in Stephenson v. Pennsylvania Railroad Co., 20 Pa. Superior Ct. 157, and nothing could be profitably added to what is there said. Numerous authorities are cited which fully support the reasoning of the opinion. The evidence warranted the inference of negligence in permitting combustible rubbish to be on the right of way and the court would not have been warranted in withdrawing the case from the jury.

That part of the charge of the court, made the fourth assignment of error, does not bear the interpretation placed upon it by the learned counsel. The court instructed the jury that the plaintiff had failed to show negligence in the construction or maintenance of the locomotives, but that there was evidence bearing upon the charge that the defendant was negligent in leaving combustible material along the track. The negligence did not relate to the emission of sparks from the locomotive, but to the fire likely to be kindled in the ordinary operation of the road by sparks thrown into the leaves and brush.

The plaintiff was permitted to amend its declaration at the argument. The objection of a variance, between the evidence and the declaration cannot therefore avail the appellant. Without such amendment, however, the objection comes too late. The plaintiff's statement charges that the defendant negligently set fire to the woodlands in such close proximity to the schoolhouse as to cause the destruction thereof. The negligence was not specifically set forth. No objection, however, was made to the evidence by the defendant at the trial nor was surprise expressed nor a continuance asked for. Under such circumstances it is too late, after a verdict, to raise the objection of a variance : Kroegher v. The McConway & Torley Co., 149 Pa. 444 ; Kirchner v. Smith, 207 Pa. 431.

The exceptions are overruled and the judgment affirmed.