## Hunter v. Pennsylvania Railroad Company, Appellant (No. 1).

*Railroads—Fire from sparks—Negligence—Measure of damages.*

1. Where a wood lot is burned over, and timber, young trees and sprouts growing thereon are destroyed by sparks from a locomotive negligently emitted, the measure of the liability of the railroad company is the difference between the value of the land immediately before the fire and its value immediately thereafter.

2. In such a case where there is positive testimony that there were grass, leaves and chunks accumulated along the right of way of the railway, and had been there for a long time, and that it was a very dry season, the question of the railroad company's negligence is for the jury.

3. If a fire is negligently started on a railroad company's right of way and burns across other lands than the plaintiff's and finally reaches the plaintiff's lands in a direct and unbroken succession, and burns the plaintiff's woods, the court commits no error in leaving to the jury to

HUNTER *v.* PENNA. R. R. CO., Appellant.   (No. 1.) 469

468, (1911).]          Syllabus—Charge of Court.

decide whether the railroad company's negligence was or was not the proximate cause of the plaintiff's injury.

*Appeals—Assignments of error—Motion for judgment n. o. v.*

4. An assignment of error to a refusal to enter judgment for defendant n. o. v. will not be considered where the record discloses no exception to the action of the court below in so refusing, or any bill sealed by the court.

Argued Oct. 27, 1910. Appeal, No. 105, Oct. T., 1910, by defendant, from judgment of C. P. Clearfield Co., Feb. Term, 1909, No. 102, on verdict for plaintiffs in case of J. H. Hunter v. Pennsylvania Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Negligence for damages to woodland caused by sparks from a locomotive. Before A. O. SMITH, J.

At the trial the court permitted the plaintiffs to show under objection and exception the value of the land immediately before the fire and immediately thereafter. [9–14]

The court charged in part as follows:

[As a matter of fact the plaintiffs have not shown any defect in the spark arrester directly or in the engines in any way and there is no evidence pointing to a negligent operation of the engines so then so far as that branch of the case is concerned the negligence alleged here depends wholly upon the ordinary operation of an engine and train, and the negligence alleged that the right of way was in such condition as would in a very dry season, such as this was become a menace and danger, and that such omission of duty on their part was negligence.

Now as we understand the law, it is true, that even though it is not shown that there was a defective engine or negligence in the operation of an engine, if the right of way is in such condition as that even in the ordinary operation of a train fires would be started, which are liable to be communicated to other properties, the failure of the railroad company to keep its right of way in a proper

470 HUNTER *v.* PENNA. R. R. CO., Appellant. (No. 1.)

Charge of Court. [45 Pa. Superior Ct.

condition does amount to negligence under the circumstance. All of the facts and circumstances of such a case must be taken into consideration, therefore. The time of year, the state of the weather, the dryness and general combustibility of such vegetable or other matter along the line of the right of way are to be taken into consideration, for the reason that all of these things are supposed to be within the knowledge of the railroad company and the consequences which follow from leaving that sort of material along the right of way even from the ordinary use of a locomotive. It is a matter of common and ordinary knowledge that some sparks are thrown from an engine thus operated. It seems to be impossible to run engines burning soft coal without some sparks being thrown out. The use of spark arrestors it is not claimed are intended to completely prevent the passage of some small sparks of fire. In this case, therefore, your first question is, whether there were leaves, grass and chunks, dry material of any kind, negligently left upon the right of way. One or two witnesses for the plaintiffs testify that there was in this case and that it was this which was first seen on fire.

On the part of the defendant it is claimed that the right of way was clean, and two or three of the section men were called to show that, men who actually did the work and who cleaned up the track at that time particularly because there was an annual inspection to be had very shortly thereafter. They swear that there was nothing on which grass could grow at the point in question. It is for you, therefore, to say, whether or not it is true, as alleged by the plaintiffs under this testimony, that there was such rubbish along the right of way, very combustible at that time, which amounted to negligence or carelessness on the part of the railroad officials in leaving it there. Second, it is for you to determine whether or not this rubbish, leaves, etc., if you find it to have been there, was the means of creating this fire, which ran up over the hill from that point and which on the second day thereafter burned the property of these two plaintiffs. [8]

Verdict and judgment for plaintiff for $875. Defendant appealed.

*Errors assigned* were (1, 2) refusal of binding instructions for defendant; (3) refusal to charge that the fire was the proximate cause of the injury; (8) portion of charge as above, quoting it; (9–14) rulings on evidence, quoting the bill of exceptions; (20, 21) refusal of defendant's motion· for judgment non obstante veredicto.

*Hazard Alex. Murray,* with him *Thomas H. Murray,* and *James P. O'Laughlin,* for appellant, cited: South Side Pass. Ry. Co. v. Trich, 117 Pa. 390; Taylor v. R. R. Co., 174 Pa. 171; Robb v. Carnegie Bros. & Co., 145 Pa. 324; McGettigan v. Potts, 149 Pa. 155; Baylor v. Stevens, 16 Pa. Superior Ct. 365.

*Singleton Bell,* with him *Howard B. Hartswick,* and *W. Clark Miller,* for appellees, cited: Stephenson v. R. R. Co., 20 Pa. Superior Ct. 157; Elder Twp. School Dist. v. R. R. Co., 26 Pa. Superior Ct. 112; Penna. R. R. Co. v. Kerr, 62 Pa. 353; Penna. R. R. Co. v. Hope, 80 Pa. 373; Haverly v. R. R. Co., 135 Pa. 50; Gudfelder v. Ry. Co., 207 Pa. 629.

OPINION BY MORRISON, J., March 3, 1911:

The above cases were brought on the same day and they were tried together and in each case a verdict and judgment thereon went in favor of the plaintiff, and the defendant took a separate appeal in each case. The cases are practically alike in all respects, except as to the contributory negligence of Nelson V. Hunter, and we will dispose of that question by a separate opinion filed in the appeal in his case at No. 106, October Term, 1910. In all other respects this opinion which will be filed in the John H. Hunter case is intended to apply to both cases.

The plaintiffs owned adjoining farms in Clearfield county on each of which there was a wood lot with growing timber, sprouts, etc., standing thereon. The Nelson V. Hunter farm of 104 acres is located about 400 feet from the right

472 HUNTER *v.* PENNA. R. R. CO., Appellant. (No. 1.)

Opinion of the Court. [45 Pa. Superior Ct.

of way of the defendant company with another tract of land intervening. The John H. Hunter farm of 102 acres is located about 1400 feet from the same right of way, with two other separate tracts of land intervening. On October 12, 1908, about six o'clock in the morning, a fire was seen burning on the right of way of defendant in two different spots by Nelson V. Hunter, one of the plaintiffs, who is a son of the other plaintiff, John H. Hunter. No attempt was made by Nelson V. Hunter to put out or stop the fire but he drove away and did not return to his farm until that evening when he discovered fire burning on his land, but not then burning the property claimed for. The fire continued to burn all of the next day and until October 14. Nelson V. Hunter made no effort to put out or stop the fire until the latter date when the fire began to spread over onto his father's property. The latter is an old man and we do not find in the record any evidence that he knew the fire was in his wood lot nor that he was guilty of any clear contributory negligence.

We find in the record twenty-one assignments of error. Several of these apply specially to each case but a large number of them seem to be aimed at both cases. We do not believe that any one, on cool consideration, now believes that the learned court erred twenty-one times in trying these cases. In each of the cases we find an assignment of error that the court erred in refusing to enter judgment in favor of the defendant non obstante veredicto, but we fail to find in the record any exception noted by defendant's counsel to this action of the court, or any bill sealed by said court. For this reason we cannot consider these assignments of error. This has often been decided under the Act of April 22, 1905, P. L. 286: International Savings & Trust Co. v. Printz, 37 Pa. Superior Ct. 134; McGinnis v. Ins. Co., 38 Pa. Superior Ct. 390. However, in each case the defendant requested binding instructions in its favor and therefore the question of each plaintiff's right to recover is raised.

Counsel for appellant state the questions involved to

HUNTER *v*. PENNA. R. R. CO., Appellant. (No. 1.) 473

468, (1911).]                    Opinion of the Court.

be: (a) "Question of proximate cause as affected by re-
moteness of property from right of way and of time when
fire reached property. (b) Insufficiency of proof of neg-
ligent condition of right of way. (c) Whether the before
and after rule applies to a case of this kind. (d) Con-
tributory negligence of plaintiffs."

The first case cited by appellant's counsel is Taylor v.
R. R. Co., 174 Pa. 171, on the question of the accumulation
of combustible material on the right of way. We have ex-
amined that case and under the facts in the present one
do not think it controlling. The next cases cited are on
the before and after rule as to damages. Robb v. Carnegie
Bros. & Co., 145 Pa. 324, is one of them but we do not
think it applicable to the facts in the present case. The
next is McGettigan v. Potts, 149 Pa. 155, but we are not
convinced that the measure of damage in the present cases
is ruled by that authority. The court followed a line of
cases of which Baylor v. Stevens, 16 Pa. Superior Ct. 365,
is a sample and in this we think the court did not err. We
are of the opinion that in the present cases where each
plaintiff owned a farm, with a wood lot and timber, young
trees and sprouts growing thereon, which were destroyed
by the fire and which certainly before the injury added to
the value of the farms, the court did not err in instructing
the jury to ascertain from the evidence the value of the
farms, immediately before the fire and immediately there-
after, and allow the defendant as damages the difference
in values so found: Hanover Water Co. v. Ashland Iron
Co., 84 Pa. 279.

We will now briefly discuss these cases under the fol-
lowing heads: (a) Was the fire communicated from the
engines of the defendant? (b) If so, was the injury caused
by the negligence of the defendant? (c) If so, was such
negligence the proximate cause of the injury? (d) Were
the plaintiffs guilty of contributory negligence?

First, was the fire communicated from the engine of the
defendant company? In our opinion, under the evidence
of Nelson V. Hunter, Jos. H. Strong and Daniel Irvin, it

474 HUNTER *v.* PENNA. R. R. CO., Appellant. (No. 1.)

Opinion of the Court. [45 Pa. Superior Ct.

was for the jury to say whether the fire started at the time and place alleged by the plaintiffs, and whether the fire was probably communicated from the engine of the defendant: Henderson v. R. R. Co., 144 Pa. 461; Stephenson v. R. R. Co., 20 Pa. Superior Ct. 157; Elder Twp. School Dist. v. Penna. R. R. Co., 26 Pa. Superior Ct. 112; Byers v. B. & O. R. R. Co., 222 Pa. 547.

Second, was the injury caused by the negligence of the defendant? On this question we think the testimony of several witnesses on the part of plaintiffs was sufficient to carry this matter to the jury. There was positive testimony that there were grass, leaves and chunks accumulated along the right of way and had been there for a long time, and that it was a very dry season. The condition of things as described by the witnesses raised the question as to whether or not there was an absence of care according to the circumstances: Stephenson v. R. R. Co., 20 Pa. Superior Ct. 157; Elder Twp. School Dist. v. Penna. R. R. Co., 26 Pa. Superior Ct. 112. "Whether the defendant was negligent in this particular and whether the injury was such a natural and probable consequence of the negligence that it might and ought to have been foreseen as likely to follow the act, were questions for the jury:" Stephenson v. Penna. R. R. Co., 20 Pa. Superior Ct. 157.

Third, was such negligence the proximate cause of the injury? A strong effort was made in the court below to secure a ruling that as a matter of law the injury to plaintiffs was too remote and that there could be no recovery. This contention would seem to have been based on the ruling in Penna. R. R. Co. v. Kerr, 62 Pa. 353, but that decision was based on a case where the engine of the railroad company set fire to a building and that building set fire to a hotel some distance away. That case is not authority where there is a continuous burning across lands in a direct and unbroken succession: Penna. R. R. Co. v. Hope, 80 Pa. 373; Heverly v. R. R. Co., 135 Pa. 50. To apply the doctrine of Penna. R. R. Co. v. Kerr to the present cases would be to ignore the cases of Stephenson v. R. R.

HUNTER *v.* PENNA. R. R. CO., Appellant. (No. 1.) 475

468, (1911).] Opinion of the Court.

Co., and Elder Twp. School Dist. v. R. R. Co. See also Gudfelder v. Ry. Co., 207 Pa. 629. In the latter case it was held as stated in the syllabus: "In determining whether a negligent act is the proximate or remote cause of an injury, the jury must consider whether the facts constitute a continuous succession of events so linked together that they become a natural whole, or whether the chain of events is so broken that they become independent, and the final result cannot be said to be the natural and probable consequence of the primary cause—the negligent act." In the present cases the question of proximate cause, as above defined, depended upon facts to be found by the jury. Did the facts contribute a continuous succession of events so linked together that they became a natural whole. If the facts of a case are in dispute, the question of remote or proximate cause must go to a jury. In the present cases it is a nice question whether the court was not warranted in instructing the jury that if the fire negligently started on the defendant's right of way and burned across other lands and damaged the plaintiff's wood land, that the proximate cause was the fire which started on the right of way. But the court submitted this question to the jury and that was all that the defendant could, under the evidence and the law, justly expect. See also Bunting v. Hogsett, 139 Pa. 363.

Fourth, were the plaintiffs guilty of contributory negligence? So far as we can gather from the testimony there was certainly no clear evidence of contributory negligence on the part of John H. Hunter. He was an old man and he does not appear, from the evidence, to have had any knowledge of the fire prior to the injury to his property. As to him, the court could not have decided, as a matter of law, that he was guilty of contributory negligence, and that question was properly submitted to the jury and it was found in his favor. Of this submission the defendant has no just cause of complaint.

The assignments of error are all dismissed as to the case of John H. Hunter, and his judgment is affirmed.