# Braheny *v.* Pittsburg Libson & Western Railroad Company, Appellant.

*Railroads—Negligence—Sparks—Burning of buildings.*

In an action against a railroad company to recover damages for the burning of a barn, fences and other property by a fire alleged to have originated from sparks from a locomotive, the case is for the jury and a verdict and judgment for plaintiff will be sustained, where the evidence tends to show that the defendant permitted dry grass and other combustible matters to accumulate and remain on its right of way, that the fire started on the right of way after the passing of a particular locomotive, and that no person was noticed near the locality before the engine passed, or afterwards, until the fire was discovered.

Argued May 14, 1913. Appeal, No. 108, April T., 1913, by defendant, from judgment of C. P. Beaver Co., Sept. T., 1910, No. 140, on verdict for plaintiffs in case of Daniel Braheny et al. v. Pittsburg, Libson & Western

254 BRAHENY *v.* PITTS., L. & W. R. R. CO., Appellant.

Statement of Facts—Opinion of Court below. [55 Pa. Superior Ct.

Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for destruction of property by fire. Before HOLT, P. J.

At the ₋al the jury returned a verdict for plaintiff for $1,350.

On a motion for a new trial HOLT, P. J., filed the following opinion:

This case was an action of trespass brought by the plaintiffs for the recovery of damages for the destruction of a barn, fences and certain personal property on the farm of the plaintiffs situated in Darlington township, in this county, and which adjoins the right of way of the defendant company. The jury rendered a verdict in favor of the plaintiffs for the sum of $1,350.

The defendant has made a motion for a new trial, and assigned in support of the motion two reasons:

1. That the verdict was against the weight of the evidence; and, 2, that the verdict was grossly excessive.

The plaintiffs' testimony, which was uncontradicted, was to the effect that on March 24, 1910, which was a dry and windy day, a fire was started on the right of way about the railroad ties of the defendant, and that very shortly before the fire was noticed a locomotive hauling cars on the defendant's said railroad passed the point in question, at which there was a curve and a slight up grade. Two neighbors, who lived about 300 feet from the place where the fire was started, between nine and ten o'clock in the forenoon of the day of the fire, noticed no smoke, and did not observe any person in the vicinity of the place where the fire was started, before the engine passed, and no one after the locomotive went by and before the smoke was discovered. The fire, according to the testimony of one of the plaintiffs' witnesses, started on the right of way between the rails of the track. Other uncontradicted

testimony of the plaintiffs was to the effect that in and about the railroad ties, the roadbed and the ditches was an accumulation of leaves and decayed vegetation which the defendant company had permitted to accumulate, and which decayed leaves and vegetation communicated with similar inflammable material on the plaintiffs' adjoining land. The wind was blowing toward the plaintiffs' property, and within a few minutes after the fire was discovered it spread to the plaintiffs' land, and before anything could be done to arrest its progress it reached the barn, fences, and machinery .in the barn and on the premises, with the result that the barn and many of the fences, and considerable personal property, were destroyed.

An examination of the testimony will disclose that the plaintiffs had a good cause of action and were entitled to recover, if the jury believed their testimony and evidence. The testimony will disclose, also, that the verdict is not out of proportion to the proof as to the value of the property injured and destroyed.

The reasons in support of the motion for a new trial are, therefore, not sustained.

The defendant has filed several additional reasons in support of the motion for a new trial. The first is that the court erred in saying to the jury: "And the only question I am going to submit to you for your consideration in determining whether this defendant company was negligent or not, in the circumstances, is the matter of the alleged accumulation of leaves, dead grass, decaying weeds and vegetation on the right of way, and in and about the ties and rails of the defendant company's tracks. Of course, I will submit to you the question of whether or not under all the circumstances and evidence in the case, you find that the fire was communicated from the defendant's engine, or from any engine of the defendant company, to the leaves, decaying weeds and vegetation, and whether or not that communicated to the lands of the plaintiffs, and caused the burning

of the plaintiffs' property." The part of the charge here quoted is but an excerpt in relation to the matter complained of, and which, when read in connection with the whole charge, we think was not erroneous. We clearly said to the jury that the plaintiffs had the burden of establishing negligence on the part of the defendant company in permitting the accumulation of rubbish, decayed grass and vegetation in and about its tracks, and in allowing them to remain there; and in addition thereto the plaintiffs had the burden of proving that the fire was communicated to such decayed vegetation and materials by the defendant's locomotive. In view of the decisions of the Supreme Court and the Superior Court in similar cases, we do not think that we committed error in thus submitting the case to the jury.

The second additional reason alleges error on the part of the court in the instructions upon the measure of damages, as follows: "Where a building has been destroyed by fire through the neglect of another, the measure of damages, so far as the building is concerned, is the value of the building just as it stood immediately prior to the time it was burned. There is also testimony that the wall which was left there after the fire, that is, the wall of the barn, was damaged to the extent of $100.

" . . . . Now, where a structure has been injured, and not destroyed, the measure of the damages is the fair and reasonable cost of putting the property in substantially the same condition that it was in before, unless the cost would equal or exceed the value of the structure, and then the damages would be the value of the structure." The language quoted in this reason when taken in connection with the general charge we do not think was an inaccurate instruction. True, we might have added that where a building has not been entirely destroyed, and it would cost as much or more to make the repairs as the building was worth, if there was a salvage, such fact should be taken into considera-

tion by the jury; but in the case at bar the barn was a total loss, save the wall, which the testimony showed was damaged to the extent of $100. The testimony of the witnesses as to the value of the barn was given without reference to the wall; and in order that the jury might have some evidence as to the injury to the wall there was testimony that it was damaged to the extent of $100; and, besides, the jury went upon the premises and examined the result of the fire upon the wall and other property. We are not convinced that in the shape in which we put this branch of the case to the jury there was error.

The third additional reason charges that the court erred in refusing to affirm defendant's second point, which request is as follows: There being no evidence to show the number of rods of fence burned, the court is requested to instruct the jury that they must disregard the evidence with reference to the claim for damages for fences destroyed." We refused this point for the reason that the length of the fences burned was given by the engineer, who made the measurement, in feet, and it was simply a matter of calculation to ascertain the number of rods.

The fourth additional reason alleges that the court erred in refusing to affirm defendant's third request for instruction, which request was as follows: "In the absence of evidence to show that the locomotive from which the buildings, fences, leaves and grasses, etc., caught fire was improperly constructed, and had not an improved spark arrester, your verdict must be for the defendant in this action." The fifth additional reason charges error on the part of the court in not affirming defendant's fourth request, which request and the ruling thereon are as follows: "The plaintiff having offered no evidence relative to any defective condition of defendant's engine, which passed a few minutes before the fire was noticed, the law presumes it was reasonably equipped and furnished, and that reasonable precautions

have been taken in providing it with those appliances which are deemed best for the prevention of damages by fire; and, therefore, the defendant is not liable, though it fire every rod of country through which the line runs, and your verdict must be for the defendant. *Answer*: Refused under the evidence in this case." These two points raise substantially the same question, whether or not the plaintiffs were bound to prove some defect in the construction or equipment of the defendant's locomotive which was responsible for the burning of the plaintiffs' property. We do not think that under the decisions of the courts there is any such burden resting upon a plaintiff who alleges that fire communicated from an engine of a railroad company to decayed grass and vegetation negligently permitted to accumulate on the right of way of the railroad company, when fire consuming such decayed and accumulated vegetation communicates with similar decayed vegetation and brushwood on adjoining lands. We do not deem it necessary to cite any other authority than the case of Elder Twp. School District v. Pennsylvania Railroad Co., 26 Pa. Superior Ct. 112. The case just cited was an action by a school district against the railroad company to recover damages for the burning of a schoolhouse. The evidence tended to show that the schoolhouse was in the neighborhood of the railroad company's road; that five minutes after a train of cars propelled by two locomotives had passed, fire was discovered in two places about fifteen feet from the track, that there was an accumulation of dry grass, leaves and tree tops within the right of way along which the fire started; that the space between the railroad and the schoolhouse was principally woodland on which there were tree tops and brush, left when the timber was cut; that the wind was blowing hard toward the schoolhouse, and that the schoolhouse was burning within about an hour from the time the fire started along the track. It was held that the case was for the jury. Judge HENDERSON, in de-

livering the opinion of the Superior Court said, among other. things: "While the burden is on the plaintiff to prove that the fire was negligently communicated by some engine of the company; the fact may be shown by circumstantial evidence. Given the passing train, the accumulated combustible material, the fire breaking out therein within a few minutes after the train had passed and communicating directly with the plaintiff's building, there exists a state of facts from which the jury would be authorized to draw the inference of negligence on the part of the defendant." In the case at bar, within a few minutes after the train passed, the fire was discovered between the rails of the defendant company's track and about the rails, burning the decayed vegetation and dried leaves, and that it very quickly communicated to other decayed leaves and vegetation on the defendant company's right of way which communicated also with leaves, decayed vegetation and brushwood on the plaintiffs' land. The wind was blowing towards the plaintiffs' property, and in a very short time the fire traveled over and upon the plaintiffs' land and communicated with the barn and other property thereon. The testimony also disclosed that not long after the fire started the crew in charge of the train from the engine of which the fire is alleged to have originated, appeared upon the scene and aided in putting out the flames; and there was no testimony given by any of the employees of the defendant tending to contradict the evidence offered in behalf of the plaintiffs that the fire was communicated to the plaintiffs' property through the negligence of the defendant. We are clearly satisfied that the case of Elder Twp. School District v. Pennsylvania Railroad Co., 26 Pa. Superior Ct. 112, rules this case.

The additional reasons in support of the motion for a new trial should be all overruled.

Now, August 26, 1912, the motion for a new trial is overruled and new trial refused.

260   BRAHENY *v.* PITTS., L. & W. R. R. CO., Appellant.

Assignment of Error—Opinion of the Court.   [55 Pa. Superior Ct.

*Error assigned* was in refusing binding instructions for defendant.

*J. F. Reed,* for appellant, cited: Taylor v. R. R. Co., 174 Pa. 171; American Ice Co. v. R. R. Co., 224 Pa. 439.

*John A. Elliott,* with him *T. Frank Covert,* for appellee, cited: Stephenson v. R. R. Co., 20 Pa. Superior Ct. 157; Elder Twp. School Dist. v. Penna. R. R. Co., 26 Pa. Superior Ct. 112.

OPINION BY ORLADY, J., October 13, 1913:

A verdict of $1,350 in favor of the plaintiff was recovered in the court below, as damages for the destruction of a barn, fences and certain personal property, by a fire which it was alleged was started and caused by sparks and cinders emitted from an engine of the defendant. The grounds for recovery were, negligently permitting an accumulation of dried grass and other combustible matters to remain on the right of way of the railroad, and in negligently using a defective locomotive so as to allow sparks and cinders to escape and be thrown on the inflammable debris. On considering a motion for judgment non obstante veredicto, the learned trial judge overruled the motion and refused a new trial, in an opinion which fully and clearly answers every contention of the appellant, as they are presented on this appeal. The only assignment of error being that the court erred in refusing to give binding instructions in the defendant's favor. There is no necessity for adding anything to what is stated in that opinion. Additional authority for the conclusion therein reached is found in Badman v. Penna. R. R. Co., 42 Pa. Superior Ct. 531, and in Hunter v. Penna. R. R. Co., 45 Pa. Superior Ct. 468.

The judgment is affirmed.