# Stafford et al. *v.* New York Central Railroad Co., Appellant.

*Negligence—Railroads—Fire on adjoining property — Combustible material on right-of-way.*

In an action to recover damages for injury to trees on the property of the plaintiffs, alleged to have been caused by fire communicated from defendant railroad company's right-of-way by means of combustible materials thereon, the following evidence was held sufficient to take the case to the jury on the question of defendant's negligence and to sustain a verdict for plaintiff: Witnesses who were working about 400 feet down the track testified that there was fire along the track immediately after a train passed and there had been no fire there before. There were dry combustible leaves, grass and brush, along the right-of-way and near to the rail, which had accumulated and not been removed for several years. No person was near the place when the fire started.

*Evidence—Map—Use of map showing larger area than was involved in dispute—Sketch—Testimony from sketch which was not produced—Assignments of error not sustained.*

A map, otherwise relevant, is not inadmissible as evidence merely because it shows a larger area than was involved in the case at issue.

An assignment of error going to the admission of testimony, with reference to a sketch of a line which was made from a copy of the deed will not be sustained upon an objection that the sketch was not produced before the witness testified where it appears that the witnesses offered to produce both the sketch and the data from which it was made.

Argued November 23, 1922. Appeal, No. 2, Oct. T., 1922, by defendant, from judgment of C. P. Clearfield County, May T., 1921, No. 199, on verdict for plaintiffs in the case of James Stafford, Mary A. Reed, George C. Stafford and Mark J. Stafford v. New York Central Railroad Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages caused by fire communicated from defendant's right-of-way. Before BELL, P. J.

408, (1923).] Statement of Facts—Opinion of the Court.

The facts are stated in the opinion af the Superior Court.

Verdict for plaintiffs in the sum of $820 and judgment thereon. Defendant appealed..

*Errors assigned* were refusal to enter judgment for defendant non obstante veredicto, various rulings of the court upon evidence and refusal of defendant's points for charge.

*James P. O'Laughlin,* and with him *Louis R. J. Fenerty* and *Edward T. Kelly,* for appellant.—The facts that fire originated on the right-of-way of a railroad with evidence that grass and weeds cut during the previous autumn had been allowed to remain there does not establish negligence: Taylor v. Penna. Schuylkill Valley R. R. Co., 174 Pa. 171; American Ice Co. v. Pa. R. R. Co., 224 Pa. 439; Campbell v. B. & O. R. R. Co., 58 Pa. Superior Ct. 241.

*A. R. Chase,* and with him *J. Mitchell Chase,* for appellee.—The case was clearly for the jury under the testimony: Stephenson v. R. R. Co., 20 Pa. Superior Ct. 157; Elder Township School District v. P. R. R. Co., 26 Pa. Superior Ct. 113; Hunter v. P. R. R. Co., 45 Pa. Superior Ct. 469.

OPINION BY TREXLER, J., March 15, 1923:

The plaintiffs owned land which touched the right-of-way of the defendant company. On March 25, 1920, a fire burned over the right-of-way into the plaintiffs' land and destroyed approximately 57 acres of young trees. The plaintiffs claim that the negligence of the company was the cause of the fire. Their damages in this case do not arise by reason of any faulty construction of the engine or of negligence in its operation, but because weeds, grass and other combustible material, which had been cut in previous years on the right-of-

way were allowed to accumulate up to within 4 or 5 feet of the rail. The issue was confined to the alleged negligence of the company in allowing this combustible material to remain on the right-of-way and thus causing the fire to be communicated to the plaintiffs' property.

The first assignment is directed to the action of the court in allowing a map to be offered in evidence. The objection to the map was that it was not in harmony with the description of the property in plaintiffs' statement of claim. The matter is presented in rather a meager way so that we have some difficulty in passing upon it. What the plaintiff, undoubtedly, desired to show was the location of his land. That the map included a larger area was not a valid objection to it, provided the recovery of the plaintiffs was limited to the land described in the statement. The defendant's counsel objected that the map merely shows "what area there is from a line at the northern end shown to the particular witness who was the engineer." There was evidence that the map showed the northern line, as described in the deed and as indicated by witnesses on the ground. This was relevant and we cannot see under the evidence as presented that the introduction of the map was error.

The second objection is the ruling of court in admitting the testimony of a witness who stated that he had a sketch of the line known as the Stafford Line, furnished to him by counsel, the sketch being made from a copy of the deed. Objection to the question was made because the sketch should be produced before the witness should testify. This the court overruled. The court did not state the reason for its overruling the objection, but whether right or wrong, it did the defendant no harm for the sketch was subsequently offered to the defendant and counsel could have examined the witness to ascertain whether the sketch was a correct delineation of the property described in the deed. When

the witness on cross-examination stated that he had a copy of the description which is in the deed, he said "I haven't it here. I could get it right soon, send someone over for it." (By defendant's counsel) "I would like to have it a minute." This leaves the subject open. Whether the defendant's counsel got the draft and found after examination that it followed the deed, we know not, but the objection that the sketch was not produced lost its materiality when the offer was made to give the sketch to the defendant's counsel. We would not reverse upon an assignment of this character.

The fifth, sixth, seventh and eighth assignments of error are to the refusal of the court to instruct the jury that unless it was shown that the locomotive was negligently maintained or operated, there could be no recovery. It was definitely held in Stephenson v. Pennsylvania Railroad Company, 20 Pa. Superior Court 157, that the negligent accumulation of combustible rubbish on the right-of-way to which fire may be communicated by sparks and from which fire may be communicated to neighboring woodlands, may be the basis of recovery for the destruction of such woodlands. In that case President Judge Rice pointed out that his conclusion was not contrary to Taylor v. Pennsylvania Schuylkill Valley Railroad Company, 174 Pa. 171, relied upon by the appellant. In the Taylor case the trial Judge "was not asked to submit the condition of the right-of-way to the jury." Therefore, that case did not afford a precedent for the case which Judge Rice was considering. The Stephenson case was followed by Hunter v. Pennsylvania Railroad Company, 45 Pa. Superior Ct. 468. In the latter case there were grass, leaves and junk accumulated on the right-of-way and was held that "Whether the defendant was negligent in this particular and whether the injury was such a natural and probable consequence of the negligence that

it might and ought to have been foreseen as likely to follow the act, were questions for the jury."

The other assignments are directed to the fact whether there was sufficient evidence to submit to the jury as to the negligence of the corporation defendant. There was testimony by three witnesses that they were working about 400 feet down the track from where the fire occurred, that they were on a tipple which was elevated 50 feet above the track and from their position had an unobstructed view of the place where the fire started; that there was no fire before the train went by, that the train was working heavy and throwing a lot of black smoke and immediately after the train went by, they saw fire along the track about 17 feet from the center of the track, that there was no one near the place where the fire started. There was evidence that the combustible material along the right-of-way had not been removed for several years; that the last year's accumulation had not been removed and that it was combustible, something that would ignite, that the material along the road was dry. There were dry leaves, grass and brush within a few feet of the nearest rail. It seems that under this testimony taken all together there was sufficient to base the conclusion that the fire which destroyed plaintiffs' woods was communicated first to the rubbish along the track and then to the wood-land, and that all other probable causes were reasonably excluded and that the conclusion arrived at by the jury was not mere guess work, but such as legitimately followed from a consideration of the testimony. This is all that is required. Knickerbocker Ice Company v. Pennsylvania Railroad Company, 253 Pa. 54, and cases there cited "The evidence may be wholly circumstantial; as, first, that it was possible for fire to reach plaintiff's property from defendant's engines; and, second, facts tending to show that it probably originated from that cause, and from no other."

'408, (1923).]     Opinion of the Court.

Byers v. Baltimore & Ohio Railroad Company, 222 Pa. 547.

The assignments are overruled and the judgment is affirmed.